J. DIECKHOFF *vs.* E. FOX & Co. *et al.*

Argued Jan. 29, 1894.   Reversed Feb. 6, 1894.

No. 8422.

Contract regarding lottery ticket held void.

When an organization issuing a lottery ticket puts on the back of it an offer of a reward to any person producing any such ticket which has not been promptly cashed by such organization on presentation. to it, *held*, that such offer of reward is founded on, and made in affirmance of, the illegal contract represented by the face of the ticket, and to secure the performance of that contract, and is itself illegal and void.

Appeal by defendants, E. Fox & Co., H. C. Lloyd and others, from an order of the District Court of Ramsey County, *Charles D. Kerr*, J., made August 17, 1893, denying a motion to vacate a judgment entered on failure to answer.

On May 19, 1893, at St. Paul, the sheriff of Ramsey County served the summons in this action upon defendants by delivering a copy to James M. Poland who was managing their business in this state. Defendants failed to answer and on July 6, 1893, judgment was entered against them for $15,304.92.   On July 17, 1893, they obtained an order from the court requiring plaintiff to show cause at chambers July 21, 1893, why the service of the summons should not be set aside and the judgment vacated on the ground that E. Fox & Co. was not a corporation, that Poland was not defendants' agent and that the complaint fails to state facts constituting a cause of action.   At the hearing the motion was denied.   The contract on which the action is based and the material parts of the complaint are set out in the opinion of the court.

*W. J. Romans* and *T. R. Palmer*, for appellants.

The contract sued upon is illegal and absolutely void under the laws of this state.   Const. Art. 4, § 31;   Penal Code, §§ 282–293.

A penalty being imposed makes the acts unlawful to the same extent as if expressly prohibited.   The infliction of a penalty implies a prohibition.   *Solomon* v. *Dreschler*, 4 Minn. 278; *Brimhall* v. *Van Campen*, 8 Minn. 13; *White* v. *Buss*, 3 Cush. 448.

The offer on the back of the lottery ticket was made, as the complaint aptly states, to promote their said lottery business, and gain the confidence of the public therein, and was published printed and signed on the backs of the one hundred thousand tickets for the drawing of February 7, 1893. In an action on a demand claimed to be collateral to an illegal transaction, the test is whether the plaintiff requires any aid from the illegal transaction to establish his case. *Simpson* v. *Bloss*, 7 Taunt. 246; *Eberman* v. *Reitzel*, 1 Watts & S. 181; *Swan* v. *Scott*, 11 Serg. & R. 155; *Kitchen* v. *Greenebaum*, 61 Mo. 110.

Here the contract sued upon is not collateral, it does not merely grow out of a violation of law, it is in itself a violation of law. The mere making of the offer sued upon is punishable by fine and imprisonment, and the subject matter of the offer is the product of crime. The plaintiff cannot state his case without disclosing its illegality. The law will not enforce or countenance this offer. *Coppell* v. *Hall*, 7 Wall. 542; *Bank of U. S.* v. *Owens*, 2 Pet. 527; *Kitchen* v. *Greenebaum*, 61 Mo. 110.

The plaintiff having resorted to the courts of this state to enforce a contract prohibited and indictable by its laws, must show by proper averments that the contract was not only made in another state, but that such contract by the laws of the state where made, was valid and enforceable. *Thatcher* v. *Morris*, 11 N. Y. 437; *Evans* v. *Kittrell*, 33 Ala. 449.

The general principle that a contract valid where made is valid everywhere, is subject to exception, "that no people are bound or ought to enforce or hold valid in their courts of justice, any contract which is injurious to their public rights, or offends their morals, or contravenes their policy, or violates a public law." *Oscanyan* v. *Arms Co.*, 103 U. S. 261; *Wight* v. *Rindskopf*, 43 Wis. 344; *Watson* v. *Murray*, 23 N. J. Eq. 257; *Goodrich* v. *Houghton*, 134 N. Y. 115; *Flagg* v. *Baldwin*, 38 N. J. Eq. 219; *Greenwood* v. *Curtis*, 6 Mass. 358; *McNamara* v. *Gargett*, 68 Mich. 454; *Stone* v. *Mississippi*, 101 U. S. 814; *Thatcher* v. *Morris*, 11 N. Y. 437; *Rousillon* v. *Rousillon*, 14 Ch. Div. 351; *Forbes* v. *Cochrane*, 2 B. & C. 448; *Smith* v. *Godfrey*, 28 N. H. 379; *Greenwood* v. *Curtis*, 6 Mass. 358.

Lotteries are essentially a species of gambling, and gambling and

wagering contracts are at common law illegal and void as against public policy. *Phalen* v. *Virginia*, 8 How. 163; *Mohr* v. *Miesen*, 47 Minn. 228; *Harvey* v. *Merrill*, 150 Mass. 1; *Irwin* v. *Williar*, 110 U. S. 499.

The fact that defendants are engaged in the lottery business, and so guilty of illegal acts other than the one here sued upon, does not add merit or legality to the plaintiff's cause of action. It is true that upon the record they appear as self-convicted violators of the law, charged too, with the failure to perform their promises, but this does not help the plaintiff's case or give him a cause of action. The court does not give relief for the sake of the parties who complain, but for the sake of the public and to avoid public injury. *Ingram* v. *Ingram*, 4 Jones, 188; *Sampson* v. *Shaw*, 101 Mass. 145; *Coppell* v. *Hall*, 7 Wall. 542; *Sprague* v. *Rooney*, 104 Mo. 349; *Eberman* v. *Reitzel*, 1 Watts & S. 181.

Another reason why the complaint does not state a cause of action is that it does not show that any contract or agreement whatsoever between the plaintiff and the defendants was ever made.

*F. C. Stevens* and *James E. Markham*, for respondent.

When the objection that the complaint does not state a good cause of action is not interposed until after judgment, it should not be allowed to prevail, if the proceedings can be sustained by any reasonable intendment. *McArdle* v. *McArdle*, 12 Minn. 98; *Holmes* v. *Campbell*, 12 Minn. 225; *Smith* v. *Dennett*, 15 Minn. 81; *Kennedy* v. *Williams*, 11 Minn. 314; *Trebby* v. *Simmons*, 38 Minn. 508; *Frankovis* v. *Smith*, 34 Minn. 403; *Drake* v. *Barton*, 18 Minn. 462; *Bromberg* v. *Minnesota Fire Ass'n*, 45 Minn. 321; *Dorr* v. *McDonald*, 43 Minn. 458.

There is no statutory invalidity of the contract in suit. No facts are alleged in any way connecting plaintiff with any preliminary transactions or with any violation of law and it cannot be presumed he was so connected in the absence of proof. On the contrary the court is bound to presume plaintiff innocent and free from fraud and illegality unless the contrary is shown by the record. *Fox* v. *Burke*, 31 Minn. 319; *Reiff* v. *Bakken*, 36 Minn. 333; *Mohr* v. *Mieson*, 47 Minn. 228.

The contract was made in, and must be construed according to, the law of Kansas, the place of performance. *Ormes* v. *Dauchy,* 82 N. Y. 443; *Mohr* v. *Miesen,* 47 Minn. 228.

This offer of reward is not within the prohibition of the Minnesota Penal Code, nor is there anything to show that such a contract is illegal in Kansas. Illegality must be shown by defendants, and need not be denied by plaintiff before any charge thereof is made. *Anheuser-Busch Brewing Ass'n* v. *Mason,* 44 Minn. 318; *Ormes* v. *Dauchy,* 82 N. Y. 443.

This court will not presume identity of statutes between Kansas and Minnesota for the purpose of incriminating the plaintiff, and invalidating the contract and setting aside the judgment. Nor will it presume that there is in force in Kansas statutory provisions rendering this offer invalid. *Reiff* v. *Bakken,* 36 Minn. 333; *Hoyt* v. *McNeil,* 13 Minn. 390.

The contract was made and was to be performed in the state of Kansas and should be enforced in this court if valid under the laws of Kansas, even though illegal and void under the laws here. *Midland Co.* v. *Broat,* 50 Minn. 562; *Kentucky* v. *Bassford,* 6 Hill, 526; *Ormes* v. *Dauchy,* 82 N. Y. 443; *McKnight* v. *Biesecker,* 13 Pa. St. 328; *McIntyre* v. *Parks,* 3 Met. 207.

CANTY, J. This is an appeal from an order denying a motion to set aside a judgment by default taken against the members or alleged members of a firm or organization engaged in running a lottery, and having headquarters and an office at Kansas City, Kan.

The motion to set aside the judgment was made on two grounds: *First,* that there was no service of the summons on the defendants; and, *Second,* that the complaint does not state facts sufficient to constitute a cause of action. We deem it necessary to consider only the last ground of the motion.

The complaint alleges: That the defendants "have done a large lottery business throughout the United States," and "to promote their said business" offered a reward, which was printed and signed on the back of each ticket, and on the back of the ticket in question, as follows: "$15,000.00 Reward. We hereby offer a reward of fifteen thousand dollars, through the Metropolitan National Bank

of Kansas City, Mo., to any one who can produce a prize ticket, bearing our signature, which has not been promptly cashed upon presentation to us, No. 2 Central avenue, Kansas City, Kansas. E. Fox & Co."

That the defendants did not conduct any drawing themselves, but used the drawings of the Louisiana lottery on which to award their prizes, by awarding prizes on the numbers on their tickets corresponding to those which won prizes in such Louisiana lottery. That by the regular drawing of the Louisiana lottery held on February 7, 1893, its ticket No. 62,791 won, and that by reason thereof the ticket in question, being the same number in defendants' lottery, won a prize of $15,000.

That on February 21, 1893, this ticket, which had been sold by defendants, was duly presented for payment at their office, as named in said offer of reward, and payment refused. That afterwards, on the 10th of March, 1893, plaintiff presented the ticket, and demanded the reward, and payment of the same was also refused. And thereupon plaintiff brings this suit, not for the recovery of the amount of the prize drawn by the ticket, but for the recovery of the reward so offered on the back of the ticket.

Counsel for respondent urges that it will not be presumed that the laws of Kansas prohibit the sale of lottery tickets, and that, even if it will be so presumed, it does not appear that plaintiff was in any way connected with such sale. Whether this court will presume that the law of Kansas is the same as the statute law of this state against lotteries, or that the common law as to lotteries exists in that state, it is not necessary here to decide. We will certainly presume one or the other. But it does not appear that the ticket in question was sold in Kansas, or where it was sold, and it makes no difference. One or the other of these presumptions will apply. It is true that it does not appear whether or not plaintiff purchased this lottery ticket or made the gambling contract represented by it; and counsel argues that this offer of reward was not intended for such purchasers of lottery tickets, but for the general public, as distinct from such purchasers. By the terms of the offer of the reward, the party claiming it must produce the ticket in order to obtain it. We cannot presume that the offer was intended only for those of the general public who might pick the tickets up

after the purchaser of them had thrown them away. We must presume that the intention was to give the holder of a lottery ticket, indirectly, a supposed security for the payment of his prize, if he won one, which he could not get directly under his gambling contract. We must also presume that the plaintiff holds the ticket either as original purchaser, or under him, so that it is tainted with illegality in his hands.

We are of the opinion that the contract represented by the offer of reward is founded on, and in affirmance of, the illegal gambling contract, and made to secure the performance of that illegal gambling contract, and is itself illegal, as against public policy.

Where the holder of such a ticket is not allowed to recover on the contract expressed on the face of it, he will not be allowed to turn it over, and recover on the contract expressed on the back of it.

For this reason the order appealed from should be reversed. So ordered.

(Opinion published 57 N. W. Rep. 930.)